BLD-316                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3176
_____

JEFFREY R. CROSBY,

Appellant

v.

WARDEN, USP Canaan

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-09-cv-00750)
District Judge:  Honorable Sylvia H. Rambo

_____


Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
September 17, 2009
Before: MCKEE,Chief Judge, FISHER and CHAGARES, Circuit Judges

(Opinion filed May 2, 2011 )
_____

OPINION
_____

PER CURIAM

    Jeffrey Crosby appeals from the District Court's order dismissing his habeas

petition pursuant to 28 U.S.C. § 2241 for lack of subject matter jurisdiction.  We will

summarily affirm because we agree that Crosby cannot challenge his solicitation to murder conviction with a § 2241 petition, and that he instead must do so pursuant to 28 U.S.C. §§ 2244 and 2255.

## I.

In August 1996, Crosby was sentenced to 365 months of imprisonment after being convicted on two counts of solicitation to murder a federal probation officer. The United States Court of Appeals for the Fourth Circuit affirmed his sentence and conviction, and the United States Supreme Court denied certiorari. In April 2009, Crosby filed what appears to be his fourth collateral attack on his conviction, and his third attempt at proceeding under § 2241. After concluding that Crosby's claims did "not fall within the narrow exception outlined in [In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997)], in which § 2241 would be available," the District Court treated the § 2241 petition as a second or successive § 2255 motion and dismissed it for lack of jurisdiction. Crosby appealed, and moved to stay the appeal pending his release from administrative segregation.

## II.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). A certificate of appealability is not required to appeal from the denial of Crosby's § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). We exercise plenary review over the District Court's legal conclusions, and review its factual findings for clear error. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

Summary affirmance is proper when "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." Third Circuit I.O.P. 10.6.

III.

The presumptive means by which a federal prisoner can challenge the validity of his conviction or sentence is by motion pursuant to 28 U.S.C. § 2255, unless such a motion would be "inadequate or ineffective." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Lack of success in a previous § 2255 motion, without more, does not render § 2255 inadequate or ineffective; nor do AEDPA's restrictions on filing successive § 2255 motions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). We agree with the District Court that Crosby's case does not fit within the narrow class of circumstances where a § 2255 motion would in fact be inadequate or ineffective to challenge a conviction, and that its dismissal on jurisdictional grounds was proper. See Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002).

Therefore, because no "substantial question" is presented by this appeal, we will affirm the order of the District Court. For Crosby's benefit, we note that should he choose to file a subsequent § 2255 motion, he must obtain authorization to do so in accordance with the procedures outlined in 28 U.S.C. §§ 2244 and 2255. Crosby's motion to stay the appeal is denied.

3